**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
THE TRUSTEES OF THE MOSAIC AND
TERRAZZO WELFARE FUND, MOSAIC
AND TERRAZZO PENSION FUND AND
MOSAIC AND TERRAZZO ANNUITY                **ORDER**
FUND,                                      07-cv-1354 (ADS)(ETB)

                Plaintiffs,

            -against-

THOROBRED FLOORING, INC.,

                Defendant.
-------------------------------------------------------X

**APPEARANCES:**

**Gorlick Kravitz & Listhaus, P.C.**
*Attorneys for the plaintiffs*
17 State Street
4th Floor
New York, NY 10004
    By:    Abigail R. Levy, Esq.
            Michael J. Vollbrecht, Esq., of Counsel

**Steven A. Berkowitz & Associates, P.C**.
*Attorneys for the defendant*
One Greentree Centre
Suite 201
Marlton, NJ 08053
    By:    Ira Evan Dorfman, Esq., of Counsel

**Cohen, Seglias, Pallas, Greenhall & Furman, P.C.**
*Attorneys for the defendant*
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103
    By:    Jonathan Landesman, Esq.
            Steven D. Usdin, Esq., of Counsel

**SPATT, District Judge.**

The plaintiffs commenced this action on April 2, 2007, asserting claims pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) ("ERISA"), and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) ("Taft-Hartley Act"). By stipulation endorsed by the Court on September 9, 2008 (the "Settlement Agreement"), the parties settled this case for $42,000, to be paid by the defendant to the plaintiffs in regular installments. The Settlement Agreement also provided in paragraph 4:

> In the event of a default by [the defendant] of any payment agreed to or required by this Stipulation and Order of Settlement, plaintiffs [] shall have the right, at their sole option and discretion, to enter judgment against [the defendant] for the full amount of the stipulated fringe benefit contribution indebtedness and/or stipulated dues checkoff indebtedness or PAC indebtedness then remaining due, together with all lawful interest thereon, statutory damages, costs of this action, audit costs, reasonable attorneys' fees, and any additional penalties, remedies and damages permitted by law, upon seven business days written notice . . . and the failure of [the defendant] to cure said default within seven business days of receipt thereof.

Attorney for the plaintiffs, Abigail R. Levy, Esq., represented to the Court that, on October 23, 2009, the defendant ceased making the stipulated payments to the plaintiffs, thereby defaulting on the Settlement Agreement. At that point, the defendant had paid $33,000 of the total $42,000 it owed to the plaintiffs. No payments were been made to the plaintiffs since that time.

On February 12, 2010, the plaintiffs served the defendant with a notice of default pursuant to paragraph 4 of the Settlement Agreement, and the defendant

failed to cure its default. On March 26, 2010, the plaintiffs then moved, pursuant to paragraph 4 of the Settlement Agreement, for entry of judgment for the remaining $9,000 owed pursuant to the Settlement Agreement, plus interest, statutory damages, and attorneys' fees. The defendant made no response to this motion.

On May 14, 2010, the Court entered a default judgment against the defendants, and referred the matter to United States Magistrate Judge E. Thomas Boyle to complete an inquest as to appropriate damages and fees. On July 28, 2010, Judge Boyle issued a Report indicating that, in lieu of an inquest, the parties had agreed to the entry of a judgment of $18,437.36 in the plaintiffs' favor. Judge Boyle therefore recommended that the Court enter judgment in this amount. No objections having been made to Judge Boyle's Report, the Court adopts it in its entirety.

Therefore, it is hereby

**ORDERED** that the Court adopts Judge Boyle's Report and Recommendation in its entirety, and enters judgment in the plaintiffs' favor in the amount of $18,437.46.

**SO ORDERED.**

Dated: Central Islip, New York
September 10, 2010

                                                              */s/ Arthur D. Spatt*
                                                              ARTHUR D. SPATT
                                            United States District Judge